# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:
Date Purchased:

---------------------------------------------------------------------------X

JORGE V. INGA GUALLPA,

Plaintiff,

-against-

SMS DELIVERY LLC, D/B/A SMS NY DELIVERY LLC, QUICK TRANSPORT SOLUTIONS, INC., AMAZON LOGISTICS, INC., and ISAIAH BONEY,

Defendants.

---------------------------------------------------------------------------X

**SUMMONS**

Plaintiff designates Queens County as a place of trial.

The basis of venue is Situs of Accident:

At or near the intersection of Roosevelt Avenue and 95th Street, County of Queens, State of New York

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

DATED: Forest Hills, New York
November 27, 2023

Yours etc.,

[signature]

**SHALOM LAW, PLLC**
*Attorney for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375
Tel.: (718) 971-9474
Fax: (718) 865-0943

TO:

SMS DELIVERY LLC, D/B/A SMS NY DELIVERY LLC
12 Avon Place
Woodcliff Lake, NJ 07677

QUICK TRANSPORT SOLUTIONS, INC.
11501 Dublin Blvd., Ste. 200
Dublin, CA 94568

AMAZON LOGISTICS, INC.
c/o Corporation Service Company
410 Terry Avenue
North Seattle, WA 98109

ISAIAH BONEY
1255 Adee Avenue, Apt 8H
Bronx, NY 10469

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------X

JORGE V. INGA GUALLPA,

Index No.:

Plaintiff,

**VERIFIED COMPLAINT**

-against-

SMS DELIVERY LLC, D/B/A SMS NY DELIVERY LLC,
QUICK TRANSPORT SOLUTIONS, INC.,
AMAZON LOGISTICS, INC., and ISAIAH BONEY,

Defendants.
----------------------------------------------------------------------X

Plaintiff, by his attorneys, **SHALOM LAW PLLC**, complaining of the Defendants, respectfully alleges, upon information and belief:

1. That at all times herein mentioned, Plaintiff **JORGE V. INGA GUALLPA** was, and still is a resident of the County of Queens, State of New York.

2. That at all times herein mentioned, Defendant **SMS DELIVERY LLC,** was and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, Defendant **SMS DELIVERY LLC,** was and still is, a domestic entity duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times herein mentioned, Defendant **SMS DELIVERY LLC,** was and still is, a foreign corporation duly authorized to do business in the State of New York.

5. That at all times herein mentioned, Defendant **SMS DELIVERY LLC** maintained a principal place of business in 12 Avon Place, Woodcliff Lake, NJ 07677.

6. That at all times herein mentioned, Defendant **SMS DELIVERY LLC,** was the owner of a Ford motor vehicle bearing Florida State license plate number BL02LH.

7. That at all times herein mentioned, Defendant **SMS DELIVERY LLC** is not entitled to the defenses or protection under the Graves Amendment 49 U.S Code §30106.

8. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC** was, and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC** was, and still is, a domestic entity duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC** was, and still is, a foreign corporation duly authorized to do business in the State of New York.

11. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC** maintained a principal place of business in 12 Avon Place, Woodcliff Lake, NJ 07677.

12. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC** was the owner of a Ford motor vehicle bearing Florida State license plate number BL02LH.

13. That at all times herein mentioned, Defendant **SMS NY DELIVERY** is not entitled to the defenses or protection under the Graves Amendment 49 U.S. Code §30106.

14. That at all times herein mentioned, **SMS NY DELIVERY LLC,** is also known as **SMS DELIVERY LLC.**

15. That at all times herein mentioned, **SMS NY DELIVERY LLC,** is also doing business as **SMS DELIVERY LLC.**

16. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.,** was, and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

17. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.,** was, and still is, a domestic entity duly organized and existing under and by virtue of the laws of the State of New York.

18. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.,** was, and still is, a foreign corporation duly authorized to do business in the State of New York.

19. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.,** maintained a principal place of business in 11501 Dublin Boulevard, Suite 200, Dublin, CA 94568.

20. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.** was the owner of a Ford motor vehicle bearing Florida State license plate number BL02LH.

21. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.,** is not entitled to the defenses or protection under the Graves Amendment 49 U.S Code §30106.

22. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.,** was, and still is, a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

23. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.,** was, and still is, a domestic entity duly organized and existing under and by virtue of the laws of the State of New York.

24. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.,** was, and still is, a foreign corporation duly authorized to do business in the State of New York.

25. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.,** maintained a principal place of business in 410 Terry Avenue North Seattle, Washington 98109.

26. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.** was the owner of a Ford motor vehicle bearing Florida State license plate number BL02LH.

27. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.** is not entitled to the defenses or protection under the Graves Amendment 49 U.S Code §30106.

28. That at all times herein mentioned, Defendant **ISAIAH BONEY** was the operator of a Ford motor vehicle bearing Florida State license plate number BL02LH.

29. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforementioned vehicle within the scope of his employment.

30. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the permission of its owner, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY**.

31. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY**.

32. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the consent of its owner, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY**.

33. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforementioned motor within the scope of his employment with its owner, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY**.

34. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the permission of its owner, Defendant **QUICK TRANSPORT SOLUTIONS, INC.**

35. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **QUICK TRANSPORT SOLUTIONS, INC.**

36. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the consent of its owner, Defendant **QUICK TRANSPORT SOLUTIONS, INC.**

37. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforementioned motor within the scope of his employment with its owner, Defendant **QUICK TRANSPORT SOLUTIONS, INC.**

38. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the permission of its owner, Defendant **AMAZON LOGISTICS, INC.**

39. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the knowledge of its owner, Defendant **AMAZON LOGISTICS, INC.**

40. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforesaid motor vehicle with the consent of its owner, Defendant **AMAZON LOGISTICS, INC.**

41. That at all times herein mentioned, Defendant **ISAIAH BONEY** operated the aforementioned motor within the scope of his employment with its owner, Defendant **AMAZON LOGISTICS, INC.**

42. That at all times herein mentioned, Defendant **ISAIAH BONEY** managed the aforementioned motor vehicle.

43. That at all times herein mentioned, Defendant **ISAIAH BONEY** maintained the aforementioned motor vehicle.

44. That at all times herein mentioned, Defendant **ISAIAH BONEY** controlled the aforementioned motor vehicle.

45. That at all times herein mentioned, Defendant **ISAIAH BONEY** supervised the aforementioned motor vehicle.

46. That at all times herein mentioned, Defendant **ISAIAH BONEY** inspected the aforementioned motor vehicle.

47. That at all times herein mentioned, Defendant **ISAIAH BONEY** repaired the aforementioned motor vehicle.

48. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY LLC** managed the aforementioned motor vehicle.

49. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY LLC** maintained the aforementioned motor vehicle.

50. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY LLC** controlled the aforementioned motor vehicle.

51. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY LLC** supervised the aforementioned motor vehicle.

52. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY LLC** inspected the aforementioned motor vehicle.

53. That at all times herein mentioned, Defendant **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY LLC** repaired the aforementioned motor vehicle.

54. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.** managed the aforementioned motor vehicle.

55. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.** maintained the aforementioned motor vehicle.

56. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.** controlled the aforementioned motor vehicle.

57. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.** supervised the aforementioned motor vehicle.

58. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.** inspected the aforementioned motor vehicle.

59. That at all times herein mentioned, Defendant **QUICK TRANSPORT SOLUTIONS, INC.** repaired the aforementioned motor vehicle.

60. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.** managed the aforementioned motor vehicle.

61. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.** maintained the aforementioned motor vehicle.

62. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.** controlled the aforementioned motor vehicle.

63. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.** supervised the aforementioned motor vehicle.

64. That at all times herein mentioned, Defendant **AMAZON LOGISTICS, INC.** inspected the aforementioned motor vehicle.

65. That at all times herein mentioned, **AMAZON LOGISTICS, INC.** repaired the aforementioned motor vehicle.

66. That at all times herein mentioned, and on August 13, 2023, at or about Roosevelt Avenue and 95th Street, County of Queens, State of New York, were public roadways, streets and/or thoroughfares.

67. That at all times herein mentioned, Plaintiff **JORGE V. INGA GUALLPA** was a lawful pedestrian.

68. That at all times herein mentioned, and on August 13, 2023, Plaintiff **JORGE V. INGA GUALLPA** was a lawful pedestrian at the above-mentioned location.

69. That at all times herein mentioned, and on August 13, 2023, Defendant **ISAIAH BONEY** was operating the aforementioned motor vehicle owned by Defendants **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY, QUICK TRANSPORT SOLUTIONS, INC, and AMAZON LOGISTICS, INC.,** at the above-mentioned location.

70. That at all times herein mentioned, and on August 13, 2023, at the aforementioned location, the motor vehicle owned by Defendants **SMS NY DELIVERY LLC, D/B/A SMS DELIVERY, QUICK TRANSPORT SOLUTIONS, INC, and AMAZON LOGISTICS, INC.,** and operated by Defendant **ISAIAH BONEY** came into contact with the Plaintiff **JORGE V. INGA GUALLPA,** a lawful pedestrian, at the above-mentioned location.

71. That as a result of the aforesaid contact, Plaintiff **JORGE V. INGA GUALLPA** was injured.

72. That hereinafter **SMS DELIVERY LLC, D/B/A SMS NY DELIVERY LLC, QUICK TRANSPORT SOLUTIONS, INC., AMAZON LOGISTICS, INC., ISAIAH BONEY** and/or by their agents, servants, and/or employees, may be referred to as "**DEFENDANTS**".

73. That on August 13, 2023, at the aforesaid location, the aforesaid motor vehicle owned by **DEFENDANTS**, came in contact with the Pedestrian Plaintiff **JORGE V. INGA GUALLPA**.

74. That on August 13, 2023, at the aforesaid location, the aforesaid motor vehicle operated by **DEFENDANTS**, came in contact with the Pedestrian Plaintiff **JORGE V. INGA GUALLPA**.

75. That on August 13, 2023, at the aforesaid location, the aforesaid motor vehicle managed by **DEFENDANTS**, came in contact with the Pedestrian Plaintiff **JORGE V. INGA GUALLPA**.

76. That on August 13, 2023, at the aforesaid location, the aforesaid motor vehicle maintained by **DEFENDANTS**, came in contact with the Pedestrian Plaintiff **JORGE V. INGA GUALLPA**.

77. That on August 13, 2023, at the aforesaid location, the aforesaid motor vehicle controlled by **DEFENDANTS**, came in contact with the Pedestrian Plaintiff **JORGE V. INGA GUALLPA**.

78. That on August 13, 2023, at the aforesaid location, the aforesaid motor vehicle repaired by **DEFENDANTS**, came in contact with the Pedestrian Plaintiff **JORGE V. INGA GUALLPA**.

79. That the above-noted contact was caused by the negligence of Defendant, **DEFENDANTS**, in violation of the applicable traffic laws of the City and State of New York.

80. That Defendant, **DEFENDANTS**, violated the Vehicle and Traffic Law(s) of both the City and State of New York thus causing the aforementioned accident.

81. That the above-noted contact was caused by the negligence of Defendant, **DEFENDANTS**, in violation of the applicable traffic laws of the City and State of New York.

82. That Defendant, **DEFENDANTS**, violated the Vehicle and Traffic Law(s) of both the City and State of New York thus causing the aforementioned accident.

83. That the aforementioned occurrence was caused wholly and solely by reason of the negligence of the **DEFENDANTS** without any fault or negligence on the part of the Plaintiff contributing thereto.

84. That the aforementioned occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the joint, several and/or concurrent negligence of the **DEFENDANTS** in the ownership, operation, management, maintenance and control of their said motor vehicle.

85. That **DEFENDANTS** were negligent, careless, reckless and grossly negligent in the ownership, management, maintenance, supervision, inspection, repair, use and control of their aforesaid motor vehicle and **DEFENDANTS** were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

86. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which **DEFENDANTS** owned, operated, maintained and controlled their motor vehicles without this Plaintiff in any way contributing thereto.

87. That by reason of the foregoing, Plaintiff **JORGE V. INGA GUALLPA** sustained severe and permanent personal injuries; and Plaintiff **JORGE V. INGA GUALLPA** was otherwise damaged.

88. That Plaintiff **JORGE V. INGA GUALLPA** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York

89. That by reason of the foregoing, Plaintiff, **JORGE V. INGA GUALLPA**, was compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable for medicines and upon information and belief, Plaintiff, **JORGE V. INGA GUALLPA**, will necessarily incur similar expenses.

90. That by reason of the foregoing, Plaintiff, **JORGE V. INGA GUALLPA**, has been unable to attend to his usual occupation in the manner required.

91. That by reason of the wrongful, negligent, and unlawful actions of **DEFENDANTS**, as aforesaid, Plaintiff, **JORGE V. INGA GUALLPA** sustained serious injuries as defined in Section 5102(d) of the Insurance Law of The State of New York and has sustained economic loss greater than basic economic loss as defined in Section §5102 of the said Insurance Law.

92. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules applies to the within action.

93. That Plaintiff **JORGE V. INGA GUALLPA** sustained serious and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

94. That as a result of the foregoing, Plaintiff, **JORGE V. INGA GUALLPA**, was damaged in an amount that exceeds the jurisdictional limits of the lower courts.

95. That by reason of the foregoing, Plaintiff **JORGE V. INGA GUALLPA** was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

**WHEREFORE**, the Plaintiff, **JORGE V. INGA GUALLPA**, demands judgment against the Defendants, **SMS DELIVERY LLC, D/B/A SMS NY DELIVERY LLC, QUICK**

**TRANSPORT SOLUTIONS, INC., AMAZON LOGISTICS, INC., ISAIAH BONEY**, and/or by their agents, servants, and/or employees, in a sum in excess of the jurisdictional limits of all lower courts existing in the City and State of New York, together with the interest, costs and disbursements of this action.

Dated: Forest Hills, New York
November 27, 2023

SHALOM LAW, PLLC
*Attorneys for Plaintiff*

[signature]

JONATHAN SHALOM, ESQ.
105-13 Metropolitan Avenue
Forest Hills, New York 11375
(718) 971-9474

## INDIVIDUAL'S VERIFICATION

I, JORGE V. INGA GUALLPA, affirm under the penalties of perjury:

That I am the Plaintiff in the within action; that I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe those to be true.

The grounds for my belief as to all matters not stated upon my knowledge are investigations which have made or have caused to be made concerning the subject matter of this action, and statements of parties or witnesses herein.

This document and those associated have been translated to be from English to Spanish by an employee of SHALOM LAW, PLLC.

Dated: Forest Hills, New York
November 27, 2023

Jorge Inga
JORGE V. INGA GUALLPA

Sworn to me this
27th day of November, 2023

Notary Public

XENIA O. VITOVYCH
Notary Public, State of New York
No. 01VI6401034
Qualified in Queens County
Commission Expires December 02, 2023

Case 1:24-cv-00173-LDH-LKE Document 1-2 Filed 01/09/24 Page 17 of 17 PageID #: 26

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X Index No.:
JORGE V. INGA GUALLPA,
Plaintiff,

-against-

SMS DELIVERY LLC, D/B/A SMS NY DELIVERY LLC, QUICK TRANSPORT SOLUTIONS, INC., AMAZON LOGISTICS, INC., and ISAIAH BONEY,

Defendants.
--------------------------------------------------------------------X

**SUMMONS & VERIFIED COMPLAINT**

SHALOM LAW, PLLC
*Attorneys for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375

The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that he/she has read the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-1.1(c).

JONATHAN SHALOM, ESQ.

Service of a copy of the within is hereby admitted.
Dated, Attorney(s) for Plaintiff

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an duly entered in the office of the clerk of the within named court on ___________________202__.

☐ NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON. one of the judges of the within named Court, on 202___ at________ O'clock ___.M.

Dated: November 27, 2023

Yours, etc.
**SHALOM LAW, PLLC**